STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2023 CA 1365

FALSE RIVER PARTNERS, LP

VERSUS

SHANDA PAUL

JUDGMENT RENDERED: JUN 0 3 2024

* * * * * * *

Appealed from the Eighteenth Judicial District Court
Parish of Pointe Coupee • State of Louisiana
Docket Number 51,396 • Div. "A"

The Honorable J. Kevin Kimball, Presiding Judge

* * * * * * *

| | |
|---|---|
| Barry H. Grodsky<br>Donald J. Miester, Jr.<br>New Orleans, Louisiana | COUNSEL FOR APPELLEE<br><br>PLAINTIFF—False River<br>Partners, LP |
| Terry L. Bonnie<br>Baton Rouge, Louisiana | COUNSEL FOR APPELLANT<br>DEFENDANT—SHANDA PAUL |

* * * * * * *

BEFORE: WELCH, WOLFE, AND STROMBERG, JJ.

**WELCH, J.**

The defendant, Shanda Paul, appeals a judgment in favor of the plaintiff, False River Partners, LP ("FRP"), declaring that a lease between Ms. Paul and FRP was terminated and expired, and ordering Ms. Paul and any other occupants to vacate and deliver possession of the leased premises to FRP within fifteen days. We affirm and issue this memorandum opinion in compliance with Uniform Rules—Courts of Appeal, Rule 2-16.1(B).

On May 2, 2023, FRP filed a Petition for Possession and for Lease Obligations against Ms. Paul. According to the allegations of the petition, FRP owns the property located at 529 Curet Street in New Roads, Louisiana ("the premises") and entered into a Residential Lease Agreement ("the lease") with Ms. Paul for the premises, which had a term of July 1, 2021 to June 30, 2022. FRP alleged that Ms. Paul breached the lease by not making timely rental payments, that she had been given a 30-day written notice to vacate the premises, and that FRP was entitled to possession of the premises and all past-due lease obligations. Ms. Paul filed an answer generally denying the allegations of the petition; she did not assert any affirmative defenses in her answer.

The trial court held a hearing on the matter on July 7, 2023. At the hearing, FRP introduced the following into evidence: (1) the lease; (2) an Affidavit of Correctness of Account and Default executed by Yolanda Bowman, a property manager for the managing agent of the premises and FRP ("the affidavit of correctness"), with a ledger attached thereto showing Ms. Paul's monthly rental payments that were paid or unpaid; and (3) a copy of the 30-day notice to vacate.

The lease provided that it had an initial term of July 1, 2021 to June 30, 2022, and that Ms. Paul was obligated to pay rent in the amount of $790.00

2

per month, which was due and payable on the first day of each month. The lease further provided:

> **DEFAULT:** In the event Lessee should fail to pay any one of the aforesaid installments of rent, or any part thereof, within five (5) days after same shall have become due … Lessor may, at its option (a) immediately forfeit this lease and terminate the same and repossess the premises, removing therefrom all goods and chattels not belonging thereto and expelling Lessee and any other person in possession thereof without being guilty of trespass in any manner and without prejudice to any remedies to collect any arrears of rent and holding Lessee liable for all accrued rent and for any and all damages caused by or this arising from Lessee's breach ….

The affidavit of correctness and ledger attached thereto provided that Ms. Paul did not pay her full monthly rental obligation beginning with the month of July, 2022, and that the total amount due and owing as of June 5, 2023 (approximately one month before the hearing) was $10,279.50. The 30-day notice to vacate was issued to Ms. Paul on March 20, 2023, and was based on Ms. Paul's failure to make proper and timely rental payments pursuant to the lease since July 2022.

At the hearing, in response to this evidence, Ms. Paul claimed that her lease automatically renewed for another one-year period on July 1, 2022; however, she was unable to point to any provision in the lease supporting her contention. Ms. Paul also claimed that she always paid her rent in full, but some of the payments had been improperly returned to her. Although Ms. Paul introduced copies of money orders for her rent and receipts for their purchase, there were no money orders for rent for July 2022 through December 2022. When questioned by the trial court as to whether she had any evidence of payments for August, September, October, and November 2022, Ms. Paul claimed that such proof existed, but that she did not have it with her at the hearing. Lastly, Ms. Paul also claimed that she was living in a

3

"low income housing apartment" and was subject to special eviction procedures; however, again, she provided no proof to support her claim.[1]

At the conclusion of the hearing, the trial court ruled as follows:

So based on what's been presented to me, I'm going to grant [FRP]'s petition for possession. I'm going to order that they be given immediate possession of [the premises].

Based on what's been presented to me, again, the lease ... terminated under its own terms. It ended June [20]22. ... [I]t didn't have provisions in it ... for automatic renewal. ...

So at the termination of that lease, under the [Louisiana Civil] Code, ... it would then, under the same terms, all the terms of that lease still apply, but it converts it to a month-to-month lease under the [Louisiana Civil] Code. And based on what's been presented to me, their petition, their exhibits, and your exhibits, I do show that you tried to tender rent on June, July, but I don't see, and I know you're saying you have it, but I don't see anything that would substantiate payments for the other months.

And being that it's a month-to-month lease and they have found that you didn't make a payment, they have a right ... to request you to deliver possession.

On August 2, 2023, the trial court signed a judgment in favor of FRP declaring that the lease between FRP and Ms. Paul was terminated and expired, and ordering Ms. Paul and any other occupants to vacate the premises and to deliver possession of the premises to FRP within 15 days of July 7, 2023 (the date of the hearing), or July 22, 2023. The judgment further provided that, in the event that Ms. Paul and any other occupants did not vacate the premises on or before July 22, 2023, a warrant to the sheriff would

---

[1] We recognize section 2 of the lease, which pertains to rent, does provide with respect to rental adjustments, that "[t]his community receives benefits under the Low Income Housing Tax Credit program" and that the premises was "designated as a 'tax credit' apartment," and as such, during the term of the lease, "the rental rate [could] be altered, either upward or downward, due to changes in maximum income and rent limits set for in the Parish where the residence is located." Thus, on its face, this provision of the lease only applies to a change in rent—not an eviction.

4

be issued, requiring delivery of the premises to FRP.[2] From this judgment, Ms. Paul has appealed.

Based on our review of the record, we find no manifest error in the trial court's underlying factual findings or in its judgment.[3] The evidence in the record reasonably supports the trial court's factual findings that the initial term of the lease ended on June 30, 2022; that the written lease was not renewed and became month-to-month under the same terms of the written lease;[4] that Ms. Paul defaulted on the lease by failing to pay rent in July 2022 and not making timely monthly rental payments thereafter; and that due to Ms. Paul's default, FRP had the right to dissolve or terminate the lease and regain possession of the premises.[5] Therefore, the August 2, 2023 judgment of the trial court is affirmed.

All costs of this appeal are assessed to the defendant/appellant, Shanda Paul.

**AFFIRMED.**

---

[2] The trial court, in its oral reasons for judgment, declined to award FRP any past due rent from Ms. Paul, and the judgment signed by the trial court is silent with respect to this issue.. There are no issues on appeal with regard to any sums for past due rent owed by Ms. Paul.

[3] In eviction proceedings, the appellate court reviews the trial court's factual findings under the manifest error standard of review. See **Dennies v. Robles**, 2022-1342 (La. App. 1st Cir. 8/8/23), 2023 WL 5071258, *2-4.

[4] See La. C.C. arts. 2721, 2723, and 2724.

[5] See La. C.C. art. 2704.

5